[716 NYS2d 42]

In the Matter of NANCY C. Ross (Admitted as NANCY CAMP-BELL ROSS) and KENNETH S. Ross (Admitted as KENNETH SCOTT ROSS), Attorneys, Respondents. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 31, 2000

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*James J. Culleton* of counsel (*Culleton, Marinaccio & Foglia,* attorneys), for Nancy C. Ross, respondent.

*David Godosky* of counsel (*Godosky & Gentile,* attorneys), for Kenneth S. Ross, respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Kenneth S. Ross, was admitted to practice law in the State of New York by the Second Judicial Department on April 12, 1989, as Kenneth Scott Ross. Respondent, Nancy C. Ross, was admitted to practice law in the State of New York by the First Judicial Department on April 13, 1992, as Nancy Campbell Ross. At all times relevant to this proceeding, respondents maintained an office for the practice of law within and/or committed the acts in question within the First Judicial Department.

Pursuant to a notice and statement of charges dated June 16, 1999, respondents were charged with violating Code of Professional Responsibility DR 1-102 (a) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]). The facts underlying the charges, which are not disputed, indicate that Nancy C. Ross, at the request of her husband, Kenneth Ross, misused her position as an Assistant District Attorney in an attempt to undermine a traffic summons issued to him. In this attempt, Mrs. Ross improperly issued a Grand Jury notice to the police officer who issued the summons. This conduct resulted in Mrs. Ross' dismissal from the District Attorney's office and the imposition of a $1,000 fine by the City of New York Conflict of Interest Board.

The Departmental Disciplinary Committee now moves for an order sanctioning respondents to the extent that this Court deems just. We agree with the conclusion reached by the Hearing Panel, namely, that the appropriate sanction, under the circumstances presented, is a public censure. Among other things, respondents' conduct appears to have been aberrational, as they had a previously unblemished record. Further, they immediately admitted their wrongdoing, cooperated with the investigation of their conduct, and expressed their remorse and contrition.

Accordingly, petitioner's motion should be granted and a sanction of public censure imposed.

MAZZARELLI, J. P., LERNER, ANDRIAS, BUCKLEY and FRIEDMAN, JJ., concur.

Petition granted to the extent of confirming the determination of the Hearing Panel, which confirmed the findings of fact and conclusions of law of the Referee's report, and the Panel's recommended sanction and respondents publicly censured.